IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERMMA HAMMOND,<br>on behalf of himself and all other<br>similarly situated employees,<br><br>    Plaintiff,<br><br>v.<br><br>FLOOR AND DECOR OUTLETS<br>OF AMERICA, INC.,<br><br>    Defendant. | COLLECTIVE ACTION<br><br>Case No. _____<br><br>JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

For his Collective Action Complaint ("Complaint") against Defendant Floor and Decor Outlets of America, Inc. ("F&D" or "Defendant"), Plaintiff Germma Hammond ("Hammond"), on behalf of himself and all other similarly situated employees nationwide, states as follows:

### INTRODUCTION

1. Mr. Hammond files this collective action, on behalf of himself and all similarly situated employees nationwide, to remedy violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19.

2. This collective action seeks to recover unpaid-overtime compensation for Hammond and all similarly situated current and former employees nationwide who have worked as hourly workers for F&D in positions including, but not limited to, Warehouse Associates, Pro Services Associates, Customer Service Sales Associates, Sales Associates,

Sales Consultants, and Overnight Stockers ("Hourly Workers").

3. F&D is a hard-surface flooring company operating 103 warehouse-format stores in 28 states, including Arizona, California, Colorado, Florida, Georgia, Illinois, Louisiana, Nevada, Ohio, Tennessee, Texas, and Virginia.

4. F&D employs Hourly Workers to assist in the operation of its stores by performing non-managerial and non-supervisory tasks.

5. While employed by F&D, Hourly Workers regularly work more than 40 hours per week without receiving overtime compensation for all hours worked over 40 at one- and one-half ("1.5") times their regular rates of pay.

6. Throughout the relevant period, F&D enforced a uniform policy or practice nationwide to deprive Hourly Workers of earned overtime compensation in violation of the FLSA.

7. In order to avoid paying Hourly Workers overtime compensation for all hours worked over 40 per workweek, F&D systematically and willfully deleted time from the recorded hours for Mr. Hammond and other Hourly Workers.

8. F&D tracks its Hourly Workers' hours worked nationwide by requiring them to use a computer program, Kronos, that logs their hours worked each day.

9. At the end of the week, F&D engages in "time shaving" as it deletes time from Hourly Workers' recorded hours in Kronos to reduce labor costs nationwide.

10. F&D is aware of this nationwide practice of "time shaving," because Hourly Workers often complain to management about not receiving all the overtime compensation F&D owes them.

2

Case 3:19-cv-01099   Document 1   Filed 12/10/19   Page 2 of 11 PageID #: 2

11. Hammond brings this collective action under the FLSA on behalf of himself and all similarly situated current and former Hourly Workers nationwide who worked more than 40 hours in any workweek within three years prior to the filing of this Complaint.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction. Hammond's claims arise under the laws of the United States. 28 U.S.C. § 1331.

13. This Court has personal jurisdiction over F&D; the company does business in this District.

14. Venue is proper in this Court. A substantial part of the events giving rise to this action occurred within this District, and F&D does business in this District. *Id.* § 1391(b).

## PARTIES

15. Hammond is an individual; he resides in Davidson County, Tennessee.

16. Hammond attaches as Exhibit 1 his written consent to join this action as a plaintiff. *See* 29 U.S.C. § 216(b).

17. F&D is a for-profit company, organized under the laws of Delaware and registered to do business in Tennessee.

18. F&D's registered agent for service of process in the State of Tennessee is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

19. At all times relevant to this action, Hammond was an "employee" of F&D under the FLSA. *Id.* § 203(e)(1).

20. At all times relevant to this action, F&D was Hammond's "employer" under

3

the FLSA. *Id.* § 203(d).

21. At all relevant times, F&D maintained control, oversight, and direction over Hammond and all similarly situated Hourly Workers nationwide, including the timekeeping, payroll, and other employment policies and practices that applied to them.

22. F&D's annual gross volume of business exceeds $500,000. *Id.* § 203(s)(A)(ii).

23. Hammond brings this collective action under FLSA § 216(b) on behalf of himself and all similarly situated current and former Hourly Workers nationwide.

24. F&D unlawfully required Hammond, as well as other similarly situated individuals employed as Hourly Workers, to work in excess of 40 hours in a workweek without paying them overtime compensation at 1.5 times their regular hourly rate.

25. Hammond seeks to proceed collectively under FLSA § 216(b) on behalf of himself and the following class of persons:

> All current and former Hourly Workers who worked more than 40 hours in a workweek for F&D from December 10, 2016, to the present for whom F&D recorded time using the Kronos timekeeping system ("Putative Collective").

26. F&D knew or should have known that the law required it to pay FLSA non-exempt employees, including Hammond and the Putative Collective, an overtime premium of 1.5 times their regular rates of pay for all hours worked over 40 in a workweek and that its time-shaving practices violated the FLSA.

27. F&D applied the same unlawful policies and practices to its Hourly Workers nationwide, and these policies will be apparent given the nationwide use of the Kronos timekeeping system to engage in unlawful time shaving to reduce Hourly Workers' hours

4

worked over 40 in a workweek and thus to deny them the overtime pay required by law.

## FACTS

28. F&D is a wholly owned subsidiary of Floor & Decor Holdings, Inc.

29. As of March 2019, F&D operates 103 warehouse-format stores in 28 states.

30. F&D's stores average 75,000 square feet in size and sell hard-surface flooring and related accessories to the general public.

31. The overtime provisions of the FLSA, *id.* § 207, apply to F&D, Hammond, and all employees similarly situated to Hammond nationwide.

32. To assist in the operations of its warehouse-format stores, F&D employs non-supervisory Hourly Workers like Hammond in a variety of positions, including but not limited to Warehouse Associate, Pro Services Associate, Customer Service Sales Associate, Sales Associate, Sales Consultant, and Overnight Stocker.

33. Hourly Workers perform duties for F&D like assisting customers, running the cash register, cleaning, and loading product from the warehouse for customers.

34. F&D applies uniform employment policies, practices, and procedures to Hammond and all similarly situated Hourly Workers nationwide, including policies, practices, and procedures with respect to use of its timekeeping system, Kronos, and payment of overtime compensation.

35. F&D pays its Hourly Workers an hourly wage only.

36. Hourly Workers do not receive commissions or bonuses.

37. Hourly Workers are covered by the provisions of the FLSA.

38. The FLSA entitles Hourly Workers to overtime compensation when they

work more than 40 hours in a workweek. *Id.*

39. F&D operates a warehouse-format store at 5330 Cane Ridge Road, Antioch, Tennessee 37013 ("Nashville Store").

40. Hammond worked at the Nashville Store as a Warehouse Associate.

41. Hammond began working at the Nashville Store as a Warehouse Associate in approximately October 2016.

42. F&D terminated Hammond's employment as a Warehouse Associate at the Nashville Store in approximately November 2018.

43. On information and belief, at times relevant to this action, James "JJ" Donelson ("Donelson") has been the General Manager at F&D's Nashville Store.

44. On information and belief, at times relevant to this action, Samantha Remmick ("Remmick") has been the Regional Operations Manager who supervises F&D's Nashville Store.

45. From December 10, 2016, through his employment end date, Hammond regularly worked more than 40 hours in a workweek for F&D.

46. Hammond was regularly scheduled to work and did work 6 shifts per week of 9 hours, totaling 54 hours of scheduled working time per week.

47. On information and belief, all similarly situated Hourly Workers were scheduled to work and did work hours similar to Hammond's.

48. Under F&D policy, Hammond and all other similarly situated F&D Hourly Workers regularly clocked in on Kronos when they began working and regularly clocked out of Kronos when they stopped working.

49. Kronos captured all the time that Hammond and all other similarly situated Hourly Workers spent working for F&D at their worksites.

50. F&D, however, did not compensate Hammond and all other similarly situated Hourly Workers for all hours worked over 40 hours in a workweek at 1.5 times their regular rates of pay in violation of the FLSA.

51. F&D managers, including Donelson, would reduce the number of hours worked over 40 in a workweek, and which were recorded in Kronos by Hammond and all other similarly situated Hourly Workers when they clocked in and clocked out, through a process known as "shaving time."

52. By shaving their time worked over 40 hours in a workweek, F&D denied Hammond and all other similarly situated Hourly Workers the overtime compensation required by law.

53. From December 10, 2016, through the present, Donelson and other F&D managers regularly shaved time for similarly situated Hourly Workers at the Nashville Store and other stores under a nationwide policy or practice that will be apparent through review of F&D's Kronos timekeeping records.

54. In approximately March or April 2018, Hammond first noticed in Kronos that F&D was shaving his hours worked at the Nashville Store.

55. Hammond complained to Donelson about having his hours shaved in Kronos and being denied overtime compensation as a result.

56. Donelson did not offer any explanation for the time shaving and denial of overtime compensation.

57. Donelson gave Hammond a rapid! PayCard, similar to a debit card, with additional wages on it after Hammond complained.

58. Neither F&D nor Donelson provided Hammond any information showing that the amount of wages on the rapid! PayCard fully compensated Hammond for all hours worked over 40 hours in a workweek at 1.5 times his regular rate of pay.

59. Later in 2018, Hammond again noticed in Kronos that F&D shaved his hours worked over 40 hours in a workweek at the Nashville Store.

60. Hammond again complained to Donelson about having his hours shaved and being denied overtime compensation as a result.

61. Donelson did not offer any explanation for the second incident of time shaving and denial of overtime compensation.

62. F&D deposited in Hammond's bank account additional wages after Hammond complained.

63. Neither F&D nor Donelson provided Hammond any information showing that the additional amount of wages deposited fully compensated Hammond for all hours worked over 40 hours in a workweek at 1.5 times his regular rate of pay.

64. Later in 2018, Hammond noticed in Kronos, for the third time, F&D shaving his hours worked at the Nashville Store.

65. Hammond again complained to Donelson about having his hours worked over 40 hours in a workweek shaved and being denied overtime compensation as a result.

66. Donelson told Hammond that he could not help this time and that Hammond should take his complaint to Remmick.

67. Remmick told Hammond that she would investigate.

68. Hammond specifically asked Remmick to investigate whether similar time shaving was happening at other stores, too.

69. Remmick refused to investigate whether time shaving was also happening at other stores under her supervision.

70. After allegedly investigating Hammond's complaint, Remmick claimed that she could not determine who was editing Hammond's time in Kronos.

71. Remmick also claimed that she could not pay Hammond the unpaid-overtime compensation due to him because she allegedly could not determine the source of the time shaving.

## COUNT I
## Failure to Pay Overtime
## 29 U.S.C. § 207

72. Hammond incorporates by reference all the foregoing allegations.

73. Hammond and the Putative Collective are non-exempt employees entitled to be paid overtime compensation at 1.5 times their regular rates of pay for all hours worked over 40 in a workweek. *Id.* § 207.

74. F&D employed Hammond and the Putative Collective for workweeks longer than 40 hours and failed to compensate them for all the time worked in excess of 40 hours per week, at a rate of at least 1.5 times their regular rate of pay. *Id.*

75. F&D's FLSA violations were willful.

76. F&D's willful FLSA violations extend the statute of limitations from two years to three years. *Id.* § 255.

77. F&D has failed to make a good-faith effort to comply with the FLSA regarding overtime compensation owed to Hammond and the Putative Collective.

78. As a result of F&D's FLSA violations, Hammond and the Putative Collective suffered and continue to suffer damages, namely failing to receive overtime compensation for all hours worked over 40 hours in a workweek at 1.5 times their regular rate of pay.

79. In addition to unpaid-overtime compensation, F&D owes Hammond and the Putative Collective liquidated damages in an amount equal to their unpaid-overtime compensation. *Id.* § 216(b).

80. Hammond and the Putative Collective are entitled to recovery of their reasonable attorneys' fees and costs. *Id.*

## PRAYER FOR RELIEF

Based on the foregoing, Hammond prays for the following relief from this Court:

A. Awarding damages to Hammond in the amount of his unpaid-overtime compensation, plus an equal amount of liquidated damages;

B. Awarding damages to all Putative Collective members who join this collective action in the amount of their unpaid-overtime compensation, plus an equal amount of liquidated damages;

C. Requiring F&D to pay all attorneys' fees Hammond and the Putative Collective incur to bring and to maintain this collective action;

D. Requiring F&D to pay the costs and expenses of this collective action;

E. Requiring F&D to pay pre-judgment and post-judgment interest as provided by law; and

F. Granting Hammond and the Putative Collective such other, further, and general relief to which they may be entitled.

Dated: December 10, 2019			Respectfully submitted,

/s/ *Charles P. Yezbak, III*
Charles P. Yezbak, III (TN BPR #18965)
/s/ *N. Chase Teeples*
N. Chase Teeples (TN BPR #032400)
YEZBAK LAW OFFICES PLLC
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

/s/ *Gregory K. McGillivary*
Gregory K. McGillivary (D.C. Bar 411029)*
/s/ *Diana J. Nobile*
Diana J. Nobile (D.C. Bar 997725)*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue NW, Suite 1000
Washington, D.C. 20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
gkm@mselaborlaw.com
djn@mselaborlaw.com

**Pro Hac Vice* Motion Forthcoming

*Attorneys for Hammond*