IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GERMMA HAMMOND**, on behalf of himself and all other similarly situated employees, | Civil Action No. 3:19-cv-01099<br>Honorable Aleta A. Trauger |
| Plaintiffs, | |
| v. | |
| **FLOOR AND DECOR OUTLETS OF AMERICA, INC.**, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION FOR EXPEDITED DISCOVERY, TO STAY PROCEEDINGS,
AND TO SCHEDULE AN EXPEDITED STATUS CONFERENCE**

I.   **INTRODUCTION.**

Although this Court recently denied Defendant Floor and Decor Outlets of America, Inc.'s ("Floor & Decor") motion to compel arbitration (Dkt. No. 41), that does not end the inquiry concerning whether Plaintiff Gemma Hammond's claims may only be heard by an arbitrator. Under the Federal Arbitration Act ("FAA"), if a district court determines that there is no issue of fact to be decided and that a valid arbitration agreement exists, it should issue an order "directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If, on the other hand, a court concludes that there is an open issue of fact, it should "summarily" conduct a jury trial in order to determine whether an enforceable arbitration agreement exists. *Id.*

Here, the Court denied Floor & Decor's motion to compel arbitration on the grounds that Hammond's declaration stating that he does not recall receiving the agreement as part of Floor & Decor's onboarding process created an issue of fact as to whether Hammond assented to the agreement's terms. *See* Dkt. No. 41. The arbitration issue, then, remains factually open. Pursuant

-1-

to the FAA, a jury must now decide whether Hammond agreed to be bound by the arbitration agreement. In advance of that trial, Floor & Decor respectfully requests that the Court permit expedited discovery on the narrow issue of whether Hammond and the Company formed a binding arbitration agreement. More specifically, Floor & Decor proposes to depose Hammond on arbitration-related issues for no more than 90 minutes.[1]

In addition, consistent with the Supreme Court's mandate that arbitration issues be determined as a threshold matter, Floor & Decor also respectfully requests that all other litigation activity be stayed pending the trial's outcome. In the Sixth Circuit—like in all other Circuits—it is black letter law that "once a motion to compel arbitration is filed, 'the district court [must] refrain from further action' and must 'first determine whether there is a written agreement to arbitrate between the parties[.]" *Southard v. Newcomb Oil Co., LLC*, No. 19-5187, 2019 WL 8111958, at *4 (6th Cir. Nov. 12, 2019) (quoting *Midwest Mech. Contractors, Inc. v. Commonwealth Const. Co.*, 801 F.2d 748, 750 (5th Cir. 1986)). In keeping with that directive, Floor & Decor respectfully requests that this Court stay all proceedings in this case until after it has conducted a jury trial on the issue of arbitrability.

Finally, Floor & Decor respectfully requests that the Court schedule an expedited status conference so that the parties can address with the Court certain time-sensitive issues related to arbitration, including: (1) the timing of a jury trial on the issue of arbitrability; (2) pre-trial submissions for that proceeding; and (3) evidentiary and procedural issues relating to those opt-in plaintiffs and putative collective action members who are also bound by arbitration agreements.[2]

---

[1] In the alternative, if Hammond and his counsel prefer, Floor & Decor is willing to depose him now on all matters relating to his claims (including arbitration) to avoid the possible need for a second deposition on substantive issues.

[2] Pursuant to Local Rule 7.01(a)(1), counsel for Floor & Decor met and conferred with Hammond's counsel about this motion, but the parties were unable to agree on the requested relief. Also, out

## II. ARGUMENT.

In the FAA, Congress chartered a straightforward course to resolve the issue of arbitration. "If the district court is satisfied that the agreement to arbitrate is not 'in issue,' it must compel arbitration. If the validity of the agreement to arbitrate is 'in issue,' the court must proceed to a trial to resolve the question." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (citing 9 U.S.C. § 4); *see also Moses H. Cohn Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (holding that the FAA requires "an expeditious and summary hearing, with only restricted inquiry into factual issues" relating to the issue of arbitration).

In this case, the Court's decision on Floor & Decor's motion to compel left open one narrow question: Did Hammond agree to the arbitration agreement? Under the FAA, Floor & Decor is entitled to have a jury decide that question after weighing the relevant evidence, including the weight, if any, to give Hammond's recollection about the onboarding process when put to the test of cross-examination. Floor & Decor demanded a jury trial on this issue in its Answer (Dkt. No. 45), and now seeks limited expedited discovery in advance of that trial. The expedited discovery proposed by Floor & Decor—a single deposition lasting no more than 90 minutes covering arbitration-related issues only—is narrowly tailored to the dispute "in issue." 9 U.S.C. § 4.

---

of an abundance of caution, Floor & Decor alternatively moves to amend the Court's prior order under Rule 59 and for relief from judgment under Rule 60 to the extent that this Court's prior order is construed not as finding that there is a "material factual dispute" relating to the question of arbitrability, but, instead, as resolving a factual dispute against Floor & Decor or otherwise finding that the issue of arbitrability is settled against Floor & Decor. *See Fed. Rule Civ. P.* 59(e) & 60(b)(6); *see also* Fed. R. Civ. P. 54 (defining "judgment" to include "any order from which an appeal lies"); 9 U.S.C. § 16 (providing that an appeal may be taken of a decision to deny a petition to arbitrate under Section 4 of the FAA).

Any burden would be minimal, especially considering what is at stake. The jury's decision will be dispositive of whether Hammond may pursue a putative collective action in this forum, or whether his claims must be resolved in individual arbitration. Ninety minutes is a small investment for a substantial return: helping the jury to resolve a threshold issue that will alter the landscape of this lawsuit for both sides. *See, e.g.*, *Turner v. PillPack, Inc.*, No. 18-66, 2019 WL 2314673, at *1 (W.D. Ky. May 30, 2019) (Thomas, J.) (ordering jury trial on issue of arbitration following discovery "on the issue of whether [plaintiff] entered into an arbitration agreement"). It also follows the process mandated by the FAA. 9 U.S.C. § 4 (stating that a trial must occur "summarily" and "in the manner provided by the Federal Rules of Civil Procedure").

In addition to ordering limited expedited discovery in the form of Hammond's deposition, the Court should also stay all other proceedings until a jury has resolved the issue of arbitrability. This is the course mandated by the FAA, as both the Sixth Circuit and this Court have recognized. *See, e.g.*, *Southard*, 2019 WL 8111958, at *4 (holding that, pursuant to the FAA, "once a motion to compel arbitration is filed, 'the district court [must] refrain from further action' and must 'first determine whether there is a written agreement to arbitrate between the parties'"); *Turner*, 2019 WL 2314673, at *1 (staying "all other litigation in this [putative class action]" until conclusion of jury trial on whether plaintiff entered into arbitration agreement); *Doe #1 v. Deja Vu Consulting Inc.*, No. 17-00040, 2017 WL 3837730, at *8 (M.D. Tenn. Sept. 1, 2017) (ruling that the Court was required to consider defendant's motion to compel arbitration before plaintiff's motion for notice under the FLSA).

Indeed, this Court has already recognized *in this case* that other activities should be stayed until the question of arbitration is answered with finality. *See* Dkt. No. 30 ("Given the pendency of a Motion to Compel Arbitration (29), it is hereby ORDERED that the initial case management

-4-

conference scheduled for March 23, 2020 is CONTINUED, to be reset, if appropriate, after disposition of this motion."). Floor & Decor respectfully requests that, consistent with the Court's prior guidance—and the guidance of the Sixth Circuit—the Court stay other litigation activity until the question of arbitrability has been resolved with finality.

Finally, in the interest of fairness and efficiency, Floor & Decor respectfully requests an expedited status conference to summarily address issues related to arbitration, as contemplated by the FAA. First, a conference will allow the parties and the Court to discuss both the timing of a jury trial on the question of Hammond's arbitration agreement and pre-hearing submissions for that trial. As importantly, a conference will provide the parties with additional guidance from the Court on the preferred procedure for raising the issue of arbitration as to those opt-in plaintiffs and putative collective action members who are also subject to a binding arbitration agreement, if the jury does not compel Hammond's claim to arbitration and thus end the action.

Under the Court's recent decision, Floor & Decor will need to show "the existence of a valid agreement to arbitrate" for opt-in plaintiffs and putative collective action members bound by Floor & Decor's arbitration agreements. *See* Dkt. No. 42 at 20-21. There are, potentially, tens of thousands of putative collective action members who have agreed to arbitration and should be excluded from the case, even if the Court were to conditionally certify a collective action class.[3] *See, e.g.*, *In re JPMorgan Chase & Co.*, 916 F.3d 494, 498, 501 (5th Cir. 2019) (holding that "district courts may not send notice to an employee with a valid arbitration agreement"); *Bigger v. Facebook, Inc.*, __F.3d__, 2020 WL 401804 (7th Cir. Jan. 24, 2020) (holding that courts should not authorize collective action notice to individuals with valid arbitration agreement waiving right

---

[3] Floor & Decor intends to oppose Hammond's anticipated motion for conditional certification on a number of different grounds. Nothing in this motion suggests in any way that Floor & Decor believes conditional certification of any collective action is appropriate in this case.

to join such actions). These employees validly agreed to arbitrate their claims in different ways. Some putative collective action members executed an arbitration agreement, others signed an acknowledgment form after receiving notice of the terms of Floor & Decor's arbitration agreement, and still others manifested their assent to arbitration via continued employment after receiving notice of those terms. Regardless of the method of assent, no employee who agreed to arbitrate can participate in this case.

Given the potential number of putative collective action members who have assented to arbitration, the parties would benefit greatly from additional guidance on certain key evidentiary and procedural questions. For example, would the Court like Floor & Decor to potentially submit 10,000 or 20,000-plus signed agreements for putative collective action members, *in camera*, in the event that the Court decides that a collective action should be conditionally certified? Or would the Court prefer a declaration attesting to the individuals with signed arbitration agreements? Similarly, there is also the question of the evidentiary showing for those putative collective action members who accepted arbitration via continued employment. Addressing these topics at an early stage of the litigation—and providing the parties with additional guidance about a central issue in this case—will ensure both judicial efficiency and fairness to the parties.

### III. CONCLUSION

For the foregoing reasons, Floor & Decor respectfully requests that the Court: (1) grant its request for expedited discovery, in the form of Hammond's deposition, on the issue of arbitrability; (2) otherwise stay this action pending a jury trial on the issue of whether Hammond agreed to binding, individual arbitration; and (3) schedule an expedited status conference to address time-sensitive issues related to arbitration.

Dated: June 2, 2020                                  Respectfully submitted,

/s/ *Lincoln O. Bisbee*
Lincoln O. Bisbee, admitted pro hac vice
Russell R. Bruch, admitted pro hac vice
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC 20001
Tel:   (202) 739-3000
Fax:   (202) 739-3001
lincoln.bisbee@morganlewis.com
russell.bruch@morganlewis.com

Keane A. Barger, TN Bar No. 33196
Katharine R. Cloud, TN Bar No. 019336
**RILEY WARNOCK & JACOBSON PLC**
1906 West End Avenue
Nashville, TN 37203
Tel:   (615) 320-3700
Fax:   (615) 320-3737
kbarger@rwjplc.com
kcloud@rwjplc.com

*Attorneys for Defendant Floor and Decor Outlets of America, Inc.*

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY, TO STAY PROCEEDINGS, AND TO SCHEDULE AN EXPEDITED STATUS CONFERENCE was served on June 2, 2020 upon the following via the Court's ECF system:

YEZBAK LAW OFFICES PLLC
Charles P. Yezbak, III
N. Chase Teeples
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

McGILLIVARY STEELE ELKIN LLP
Gregory K. McGillivary
Diana J. Nobile
Hillary LeBeau
1101 Vermont Avenue NW, Suite 1000
Washington, D.C. 20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
gkm@mselaborlaw.com
djn@mselaborlaw.com
hdl@mselaborlaw.com

*Attorneys for Plaintiffs*

>   */s/ Lincoln O. Bisbee*
>   Lincoln O. Bisbee

-8-

Case 3:19-cv-01099   Document 47   Filed 06/02/20   Page 8 of 8 PageID #: 286