IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GERMMA HAMMOND**, on behalf of himself and all other similarly situated employees,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>**FLOOR AND DECOR OUTLETS OF AMERICA, INC.**,<br><br>　　　　　Defendant. | Civil Action No. 3:19-cv-01099<br>Honorable Aleta A. Trauger |

### **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS EXPEDITED MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME AND ADDITIONAL PAGES TO RESPOND TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION**

Defendant Floor and Decor Outlets of America, Inc. ("Floor & Decor") respectfully moves this Court for an order staying the Company's deadline to respond to Plaintiff Gemma Hammond's motion for conditional certification (Dkt. No. 51) until the threshold question of arbitrability is resolved. In the alternative, Floor & Decor respectfully moves for a fourteen-day extension of time to file its response brief and for an additional ten pages for its response brief.

Pursuant to Local Rule 7.01(a)(1), counsel for Floor & Decor met and conferred with Hammond's counsel about this motion. Hammond's counsel represented that they opposed Floor & Decor's request for a stay, *consented* to an additional fourteen days for Floor & Decor to file a response brief, and took no position on Floor & Decor's request for ten additional pages for its response.

Case 3:19-cv-01099   Document 62   Filed 06/19/20   Page 1 of 11 PageID #: 398

## I. INTRODUCTION.

Over three weeks ago, on May 25, Floor & Decor informed Hammond that it intended to file a motion to stay proceedings in light of the need to conduct a trial on the discrete question of whether Hammond accepted an arbitration agreement with the Company and was thus barred from proceeding before this Court. After Hammond requested a week to research the relevant legal authorities, the parties met and conferred on June 2. The meet and confer effort did not result in agreement. Hammond would not agree to a stay unless Floor & Decor first waived its right to oppose conditional certification and stipulated to notice being sent to thousands of individuals across the country. With no agreement reached, Floor & Decor filed its motion to stay and for expedited discovery on the question of arbitrability (Dkt. No. 46). Although Hammond's ability to pursue any claims in this forum is still in dispute and unresolved, he has now filed a motion seeking to conditionally certify a nationwide collective action class. Under this Court's Local Rules, Floor & Decor's response to Hammond's motion is currently due on July 1.

Respectfully, the briefing on Hammond's motion should be stayed until the disputed question of arbitration is decided with finality. Under binding Sixth Circuit authority, it would be improper to consider Hammond's motion for conditional certification before resolving the threshold question of whether he can proceed in this forum at all. In addition, staying briefing until a factfinder answers the question of arbitrability is in the interest of both fairness and judicial economy.

If the Court declines to stay briefing, Floor & Decor respectfully requests a fourteen-day extension of time (until July 15) to respond to Hammond's motion for conditional certification. *Hammond consents to this request*. Furthermore, the additional time will allow Floor & Decor to fully evaluate and respond to Hammond motion, which concerns thousands of employees in over 100 stores nationwide. The additional time is also warranted because Hammond's motion contains

new individualized allegations concerning purported "off-the-clock" work. The additional time will allow Floor & Decor to properly investigate, evaluate, and respond to the new allegations.

Finally, regardless of when the Court orders Floor & Decor to respond to Hammond's motion, the Company respectfully requests an additional ten pages for its response brief. Floor & Decor will do everything in its power to limit the length of its brief, but Hammond's motion raises a number of significant and unique issues that require detailed briefing. These issues are likely to require additional pages beyond the twenty-five already provided by this Court's Local Rules.

**II.   ARGUMENT.**

**A.   Briefing On Plaintiff's Motion For Conditional Certification Should Be Stayed Pending A Determination Of Whether Hammond Is Subject To Binding Arbitration.**

The reasons for staying this action pending a final determination of whether Hammond can proceed in this forum or must proceed before a neutral arbitrator are set forth more fully in Floor & Decor's Motion for Expedited Discovery, to Stay, and to Schedule an Expedited Status Conference (Dkt. No. 46). For the sake of brevity, the Company will not repeat them all here. For the purposes of this motion, it is enough to acknowledge that Hammond's refusal to defer briefing on his motion for conditional certification illustrates precisely why a stay, and this related motion, should be granted.

The FAA requires that a factfinder (a jury or potentially the Court) "summarily" decide the open question of whether Hammond agreed to arbitrate his claims in this case.[1] Accordingly, in the near future, a jury or the Court will determine as a practical matter whether Hammond may

---

[1] Although Hammond has suggested in recent briefing that Floor & Decor incorrectly stated that the Federal Arbitration Act entitles it to a jury trial on questions of arbitrability (Dkt. No. 50 at 2), the Sixth Circuit has held that "[i]f the validity of the agreement to arbitrate is 'in issue,' the court must proceed to a *trial* to resolve the question." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (citing 9 U.S.C. § 4) (emphasis added). In addition, Floor & Decor's answer demanded a jury trial on this issue, and numerous other courts have held trials to resolve factual questions concerning arbitration. *See* cases cited *infra* at 5-6 & n.3.

pursue a putative collective action in this forum, or whether his claims must be resolved in individual arbitration. One way or the other, the outcome of that determination will dramatically alter the landscape of this case. Hammond, however, wants to bypass the process mandated by the FAA by racing to send notice to potentially thousands of Floor & Decor employees. Not only that, he has taken the position that Floor & Decor must *immediately* expend substantial time and resources responding to his motion.

Hammond has staked out that position despite—or, perhaps, because of—the very real possibility that a decision on whether he must individual arbitrate his claims may end this case. Hammond's position is contrary to the FAA, basic notions of fairness and judicial efficiency, and the law of the Sixth Circuit and other Circuit courts across the country. *See* Dkt. No. 47, at 2. For these reasons, the Court should stay the time for Floor & Decor to respond to Hammond's motion for conditional certification. To ensure that this case proceeds apace, in the event a jury or the Court decides the arbitration issue in Hammond's favor, Floor & Decor requests that its opposition to Hammond's motion for conditional certification be due twenty-eight days after that determination.

**B. <u>Hammond's Recent Arguments In Opposition To A Stay Are Misplaced.</u>**

In his recent opposition to Floor & Decor's Motion for Expedited Discovery, to Stay, and to Schedule an Expedited Status Conference (Dkt. No. 50), Hammond raises several arguments in opposition to a stay. Each is misplaced.

<u>First</u>, Hammond claims that Floor & Decor failed to cite "any analogous case law" in support of its position. Dkt. No. 50 at 3. This position is erroneous both because it misrepresents the present posture of this case and because it is wrong on the law. To start, the Court did not deny Floor & Decor's motion to compel arbitration with finality. Instead, the

Court denied Floor & Decor's motion because: (1) there was a material factual dispute regarding whether Hammond received an employee handbook containing the arbitration agreement; and (2) "a reasonable juror" could "believe that Hammond did not actually receive the employee handbook." Dkt. No. 41 at 16, 18. As a result, this case's current posture is substantively no different from the situation where an initial motion to compel is pending. The critical threshold question of whether Hammond is subject to an arbitration agreement remains unresolved. And blackletter Sixth Circuit authority requires that the case be stayed until that question is answered. *See, e.*g., *Southard v. Newcomb Oil Co., LLC*, No. 19-5187, 2019 WL 8111958, at *4 (6th Cir. Nov. 12, 2019) (holding that district courts must "refrain from further action" until it has been determined whether "whether there is a written agreement to arbitrate between the parties").[2]

In addition, Hammond is simply incorrect that there is no analogous case law. For example, the *Turner* case cited previously by Floor & Decor involved a district court ordering a jury trial on disputed factual questions surrounding arbitration, and staying all litigation activity other than limited discovery "on the issue of whether [plaintiff] entered into an arbitration agreement." *Turner v. PillPack, Inc.*, No. 18-66, 2019 WL 2314673, at *1 (W.D. Ky. May 30, 2019). Numerous other courts have taken similar approaches. *See, e.g.*, *Chamlee v. Jonesboro Nursing and Rehab. Ctr., LLC*, No. 18-CV-05899, 2019 WL 6042273, at *4 (N.D. Ga. Aug. 14, 2019) (staying merits-related activity pending a resolution of a threshold arbitrability issue after denying a motion to compel); *PCH Mut. Ins. Co., Inc. v. Cas. & Sur., Inc.*, 569 F. Supp. 2d 67,

---

[2] Although Hammond has stated that Floor & Decor's request for a stay "smacks of gamesmanship and unnecessary delay" (Dkt. No. 50 at 2-3), there is no support for that assertion. The Company is merely following the dictates of the Federal Arbitration Act, the Sixth Circuit, and the Supreme Court of the United States. *See, e.g.*, *Moses H. Cohn Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (holding that the FAA requires "an expeditious and summary hearing, with only restricted inquiry into factual issues" relating to the issue of arbitration).

78 (D.D.C. 2008) (staying merits discovery pending trial on threshold arbitrability issue because "the Federal Arbitration Act requires that the Court resolve the threshold issue of whether the parties agreed to mandatory arbitration before the litigation of this matter can continue").[3] In fact, *this Court* has already recognized *in this case* that other litigation activity should be stayed until the question of arbitration is answered with finality. See Dkt. No. 30 ("Given the pendency of a Motion to Compel Arbitration (29), it is hereby ORDERED that the initial case management conference scheduled for March 23, 2020 is CONTINUED, to be reset, if appropriate, after disposition of this motion.").[4]

<u>Second</u>, Hammond argues against a stay by asserting that opt-in plaintiffs will be able to proceed in this case even if the court compels his individual claims to arbitration. This position is also incorrect, both legally and factually. As this Court and the Sixth Circuit have held, a district court should dismiss opt-in plaintiffs from a case if the lead plaintiff's claims are subject to an

---

[3] *Accord, eg.*, *Sadler v. Gen. Electric Co.*, No. 17-CV-328, 2019 WL 4781876, at *3 (W.D. Ky. Sept. 30, 2019) (denying motion to compel arbitration as to plaintiffs for whom there was dispute of material fact as to whether they had received arbitration agreement, but ordering 20-day period for parties to supplement record such that court could reach a determination as to whether plaintiffs agreed to arbitration agreement, and otherwise setting evidentiary hearing pending review of any supplemental evidence); *Glass v. Tradesmen Intl., LLC,* 5:19-CV-01331, 2020 WL 820655, at *15 (N.D. Ohio Feb. 19, 2020) (deferring ruling on motion to compel arbitration due to factual dispute, setting evidentiary hearing, and limiting discovery to issues relevant to the existence of an enforceable arbitration agreement); *Black v. SunBridge Ret. Care Associates, Inc*., 4:08-CV-9, 2008 WL 11454783, at *8 (E.D. Tenn. June 5, 2008) (holding motion to compel arbitration in abeyance pending trial to determine the sole issue of whether plaintiff signed arbitration agreement); *Mitchell v. Precision Motor Cars Inc.*, No. 17-CV-376, 2017 WL 1361528, at *5 (M.D. Fla. Apr. 14, 2017) (deferring ruling on motion to compel arbitration pending trial on question of arbitrability, and requiring parties to suggest "dates for the completion of discovery limited to issues related to the existence of an arbitration agreement and whether either party demands a jury trial as to that issue"); *Promega Corp. v. Max-Planck-Gesellschaft zur Forderung der Wiessenscaften E.V.*, No. 10-CV-281, 2010 WL 4683713, at *6 (W.D. Wis. Nov. 20, 2010) (staying ruling on arbitration to allow the parties to complete discovery on questions of arbitrability).

[4] Although Hammond's prior filings seem to fault Floor & Decor for not moving for a stay when it filed its motion to compel arbitration (*See, e.g.*, Dkt. No. 50 at 1), there was no need for the Company to seek a stay because the Court imposed one itself.

arbitration agreement. *See, e.g. Doe #1 v. Déjà Vu Consulting, Inc.*, No. 3:17-cv-00040, 2017 WL 3837730, at *17 (M.D. Tenn. Sept. 1, 2017) (dismissing collective action complaint, including opt-ins, once named plaintiff's claims were compelled to arbitration); *McGrew v. VCG Holdings Corp.*, 735 Fed. App'x 210, 210 (6th Cir. 2018) (affirming dismissal of collective action and compelling individual plaintiffs to arbitration); *Ozormoor v. T-Mobile USA, Inc.*, 354 F.2d. App'x. 972, 975 (6th Cir. 2009) (similar).

Furthermore, Hammond's position ignores that the opt-in plaintiffs in this case are *also* subject to arbitration agreements. Floor & Decor has informed Hammond multiple times that the opt-in plaintiffs agreed to arbitration in numerous individual ways (i.e., through continued employment, by signing an arbitration acknowledgment form, and by signing a standalone arbitration agreement). As a result, it is highly unlikely that any opt-in plaintiff will be able to take Hammond's place if his claims are compelled to arbitration. And if Hammond is correct that opt-in plaintiffs could proceed in his stead, the determination of whether the opt-in plaintiffs may proceed in this Court—or must proceed in individual arbitration—must also be addressed before any merits issues, including conditional certification. *See* cases cited *supra* at 5-6.

<u>Third</u>, Hammond claims that no stay is necessary because "the Court did not say that a disputed material fact existed, full stop." Dkt. No. 50 at 5. Yet, that is exactly what the Court has said, repeatedly. Among other things, the Court's decision on Floor & Decor's motion to compel stated that: (1) "plaintiff's Declaration creates a material factual dispute" (Dkt. No. 41 at 13); and (2) "[Hammond] needed only to offer evidence sufficient to create a genuine dispute about whether he agreed to be bound by the company's arbitration policy . . . . He has done that" (*id.* at 18-19). The Court's decision also references what a "reasonable juror" might believe (*id.* at 16), suggesting to Floor & Decor that the Court envisioned holding a jury trial to resolve the disputed facts

surrounding arbitrability. Under these circumstances, the proper approach is to stay all non-arbitration related items until the threshold question of arbitrability has been decided. *See* cases cited *supra* at 5-6.

**C.** **In The Alternative, The Court Should Extend Floor & Decor's Deadline To Respond To Hammond's Motion For Conditional Certification And Provide Floor & Decor With Additional Pages For Its Response Brief.**

If the Court declines to stay Floor & Decor's deadline until after the open arbitrability issue is resolved, the Company respectfully requests a short extension to respond to Hammond's motion, from July 1, 2020 to July 15, 2020. Not only has Hammond *consented* to this extension, good cause exists for it. To start, although Hammond's motion for conditional certification raises allegations about three stores (Antioch, Tennessee; Bridgeton, Missouri; and Carmel Mountain, California), he seeks certification of a collective action class encompassing thousands of individuals employed in over 100 stores across the country. In addition, Hammond's motion includes allegations that were not included in his complaint. For example, while the complaint was limited to Hammond's allegations of "time-shaving," the motion for conditional certification raises new individualized allegations concerning purported "off-the-clock" work. Floor & Decor must now commence its factual investigation into the new allegations, and the combination of the new allegations and a proposed nationwide class ensures that it will take the Company significant time to prepare a thorough response.

For similar reasons, Floor & Decor respectfully requests that the Court grant it an additional ten pages (from twenty-five to thirty-five) for its response to Hammond's motion for conditional certification. Because Hammond's proposed class is nationwide in scope and involves different individual theories of liability, Floor & Decor's response brief will need to provide a significant amount of factual information and make a large number of substantive legal arguments. In addition, Hammond's motion raises a number of unique issues that Floor & Decor must address

in its response. For example, Floor & Decor will need to address a direct conflict caused by Hammond and his counsel seeking to represent a class comprised of *all* full time hourly employees who were paid using the Kronos timekeeping system. Critically, this putative class includes both select individuals alleging violations of the Fair Labor Standards Act (FLSA) and individual hourly managers accused of causing at least some of the alleged FLSA violations. Floor & Decor's response brief will also need to devote substantial pages to addressing, among other things: (1) the impact of putative class members' differing arbitration agreements on conditional certification; and (2) the question of whether notice can be sent to putative class members subject to arbitration agreements even if some class is conditionally certified. Floor & Decor will take every step possible to minimize its briefing, but it requests an additional ten pages to ensure that it has a full and fair opportunity to respond to Hammond's motion.

### III. CONCLUSION

For the foregoing reasons, Floor & Decor respectfully requests that the Court grant its request to stay briefing on Hammond's motion for conditional certification until the threshold question of arbitrability is resolved, and order that the Company only respond to the motion twenty-eight days after a conclusive determination (if any) that Hammond is not subject to an arbitration agreement. In the alterative, Floor & Decor respectfully requests that the Court grant it a fourteen-day extension (until July 15) to file an opposition to Hammond's motion for conditional certification. Finally, regardless of when its response brief must be filed, Floor & Decor respectfully requests ten additional pages for its response (if a response is required).

Dated: June 19, 2020

Respectfully submitted,

/s/ *Lincoln O. Bisbee*
Lincoln O. Bisbee, admitted pro hac vice
Russell R. Bruch, admitted pro hac vice
**MORGAN, LEWIS & BOCKIUS LLP**

1111 Pennsylvania Avenue, N.W.
Washington, DC  20001
Tel:   (202) 739-3000
Fax:   (202) 739-3001
lincoln.bisbee@morganlewis.com
russell.bruch@morganlewis.com

Keane A. Barger, TN Bar No. 33196
Katharine R. Cloud, TN Bar No. 019336
**RILEY WARNOCK & JACOBSON PLC**
1906 West End Avenue
Nashville, TN  37203
Tel:   (615) 320-3700
Fax:   (615) 320-3737
kbarger@rwjplc.com
kcloud@rwjplc.com

*Attorneys for Defendant Floor and Decor Outlets of America, Inc.*

# **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS EXPEDITED MOTION TO STAY OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME AND ADDITIONAL PAGES TO RESPOND TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION was served on June 19, 2020 upon the following via the Court's ECF system:

YEZBAK LAW OFFICES PLLC
Charles P. Yezbak, III
N. Chase Teeples
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

McGILLIVARY STEELE ELKIN LLP
Gregory K. McGillivary
Diana J. Nobile
Hillary LeBeau
1101 Vermont Avenue NW, Suite 1000
Washington, D.C. 20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
gkm@mselaborlaw.com
djn@mselaborlaw.com
hdl@mselaborlaw.com

*Attorneys for Plaintiffs*

                          */s/ Lincoln O. Bisbee*
                          Lincoln O. Bisbee