IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GERMMA HAMMOND**, on behalf of himself and all other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>**FLOOR AND DECOR OUTLETS OF AMERICA, INC.**,<br><br>Defendant. | Civil Action No. 3:19-cv-01099<br>Honorable Aleta A. Trauger<br><br><br><br>JURY DEMAND |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON OPT-IN PLAINTIFF MARK TURNER'S CLAIM

**I.  INTRODUCTION**

Although Opt-In Plaintiff Mark Turner has filed a consent to become a party plaintiff in this action, the Court should dismiss his claim—and enter summary judgment for Floor & Decor—because he was never employed by Floor & Decor.

Pursuant to Local Rule 7.01(a)(1), counsel for Floor & Decor met and conferred with plaintiff's counsel about this motion.  Plaintiff has represented that he does <u>not</u> oppose the relief sought by this Motion.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

On January 28, 2020, Plaintiff Gemma Hammond filed a Notice of Consent on behalf of Mark Turner.  (Defendant's Statement of Undisputed Material Facts ("SUMF") ¶ 1; Dkt. No. 15.) The Notice attached a request to become a party plaintiff in this action signed by a Mark Anthony Turner of Brooklyn New York.  (SUMF ¶ 2; Dkt. No. 15)  Mr. Turner's opt-in form states that he worked at Floor & Decor stores in Wayne, New Jersey and Paramus, New Jersey between

December 2016 and the present. (SUMF ¶ 3; Dkt. No. 15) Notwithstanding this individual submitting an opt-in form, Floor & Decor's records show that nobody by the name of "Mark Turner" has ever worked for either store. (SUMF ¶ 4; Declaration of Joel Fox ("Fox Decl.") ¶ 4.) In fact, nobody by the name of "Mark Turner" has ever worked for Floor & Decor. (*Id.*)

In response to a request from Floor & Decor, Plaintiff's counsel provided the last four digits of Turner's social security number. (SUMF ¶ 4; Fox Decl. ¶ 5.) Four current or former Floor & Decor employees have the same last four social security number digits as those provided by Plaintiff's counsel, but none have the first name Mark, surname Turner, or a name similar to Mark Turner. (SUMF ¶ 5, 6; Fox Decl. ¶ 5.) Furthermore, none of those individuals ever worked for a store in New Jersey, as Mark Turner claims to have done. (SUMF ¶ 7; Fox Decl. ¶ 5.)

### III.  THE COURT SHOULD DISMISS TURNER'S CLAIM

#### A. Legal Standard.

A court "may grant a motion for summary judgment if it finds that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Fifth Third Bank v. Canfield*, No. 3:12-cv-00603, 2013 WL 5966886, at *2 (W.D. Ky. Nov. 8, 2013) (citing Fed. R. Civ. P. 56(a)) (granting partial summary judgment motion before commencement of discovery where there was no genuine factual dispute). The moving party must "specify[] the basis for its motion and [] identify[] the portion of the record that demonstrates the absence of a genuine issue of material fact" after which "the nonmoving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial." *Id.* (internal citations omitted). While the evidence must be construed in a light most favorable to the non-moving party, the non-moving party "cannot rely upon the assertions in its pleadings; rather that party must come forward with probative evidence, such as sworn affidavits, to support its claims." *Id. at *3* (internal citations omitted).

Even where the parties have not exchanged any discovery, summary judgment is proper where a party produced documents that plainly show a claim is barred. *See, e.g. Scott v. FedEx Ground Package Sys., Inc.*, No. 5:19-cv-412, 2019 WL 5967950, at *3 (E.D. Ky. Nov. 13, 2019) (granting pre-discovery motion for summary judgment where: (1) defendant produced document showing claim was barred by statute of limitations; (2) plaintiff had opportunity to respond and produce pertinent evidence and arguments demonstrating he filed within limitations period; and (3) it was "obvious that [plaintiff's] single claim is time-barred based on the evidence before the Court, and further discovery prolonging this litigation would be unwarranted"). An affidavit can provide sufficient evidence for a party to prevail on a pre-discovery motion for summary judgment. *Sullivan v. Aldi, Inc.*, No. 3:11-cv-313-S, 2011 WL 6181398, at *3 (W.D. Ky. Dec. 13, 2011) (granting motion for summary judgment where defendant provided affidavits and plaintiff responded that she needed discovery to "flesh out" information in affidavits, but court found no dispute of fact because plaintiff did not affirm or deny facts or provide any grounds to suggest affidavits were untrue).

### B. Floor & Decor Never Employed Turner.

Here, there is no dispute of material fact – Floor & Decor never employed Turner. (*See supra* at Sec. II.) No further discovery would be probative of any alleged employment relationship between Turner and Floor & Decor. *See, e.g.*, *Saini v. Mot. Recruitment Partners, LLC*, No. 1:16-cv-01534, 2017 WL 1536276, at *4 (C.D. Cal. Mar. 6, 2017) (granting summary judgment on Fair Labor Standards Act claim and finding that non-employment relationship between plaintiff and employer was clear enough that the Court could resolve the claims as matters of law because "further discovery is unnecessary and would not strengthen [plaintiff's] opposition").

Because Floor & Decor never employed Turner, any claim under the Fair Labor Standards Act fails as a matter of law. *See generally* 29 U.S.C. §§ 201 et seq. Courts routinely grant summary

judgment in similar actions when a defendant present evidence that an opt-in plaintiff never worked for the defendant. *See, e.g.*, *Wilson v. Guardian Angel Nursing, Inc.*, No. 3:07-0069, 2009 WL 790107, at *9 (M.D. Tenn. Mar. 24, 2009) (granting motion to dismiss opt-in plaintiffs where employer provided evidence that they were not employed and thus not proper parties to the dispute); *Harris v. JMC Steel Grp., Inc.*, No. 1:15-cv-0607, 2017 WL 663158, at *4 (S.D. Ala. Feb. 16, 2017) (granting summary judgment where defendant provided evidence opt-in plaintiffs never worked for it); *Marshall v. Louisiana*, No. 1:15-cv-1128, 2017 WL 86137, at *4 (E.D. La. Jan. 10, 2017) (granting summary judgment where defendant provided evidence opt-in plaintiffs did not work at one of eight facilities covered by conditionally certified class during applicable time period).

In sum, there was never an employment relationship between Turner and Floor & Decor, and this Court should dismiss him as an opt-in plaintiff in this action.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Floor & Decor respectfully requests that the Court dismiss Turner as an opt-in plaintiff in this action.

Dated: July 14, 2020

Respectfully submitted,

/s/ *Lincoln O. Bisbee*
Lincoln O. Bisbee, admitted pro hac vice
Russell R. Bruch, admitted pro hac vice
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC 20001
Tel: (202) 739-3000
Fax: (202) 739-3001
lincoln.bisbee@morganlewis.com
russell.bruch@morganlewis.com

Keane A. Barger, TN Bar No. 33196
Katharine R. Cloud, TN Bar No. 019336
**RILEY WARNOCK & JACOBSON PLC**

1906 West End Avenue
Nashville, TN  37203
Tel:    (615) 320-3700
Fax:    (615) 320-3737
kbarger@rwjplc.com
kcloud@rwjplc.com

*Attorneys for Defendant Floor and Decor Outlets of America, Inc.*

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON OPT-IN PLAINTIFF MARK TURNER'S CLAIM was served on July 14, 2020 upon the following via the Court's ECF system:

YEZBAK LAW OFFICES PLLC
Charles P. Yezbak, III
N. Chase Teeples
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

McGILLIVARY STEELE ELKIN LLP
Gregory K. McGillivary
Diana J. Nobile
Hillary LeBeau
1101 Vermont Avenue NW, Suite 1000
Washington, D.C. 20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
gkm@mselaborlaw.com
djn@mselaborlaw.com
hdl@mselaborlaw.com

*Attorneys for Plaintiffs*

                                        */s/ Lincoln O. Bisbee*
                                        Lincoln O. Bisbee