IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERMMA HAMMOND, on behalf of himself and all other similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>FLOOR & DECOR OUTLETS OF AMERICA, INC.,<br><br>Defendant. | Civil Action No. 3:19-cv-01099<br><br>DECLARATION OF JIM COATES |

I, Jim Coates, declare:

1. I have worked at Floor & Decor Outlets of America, Inc. ("Floor & Decor" or the "Company") since September 2011. I started working for Floor & Decor as a Chief Executive Merchant ("CEM") in Training. I worked in that role for approximately three months before being promoted to CEM of the Pompano Beach, Florida store in January 2012. In April 2013, I was promoted to Senior Director of Regional Operations for the West Region, where I had responsibility for stores in Arizona, California, Colorado, Nevada, and Utah. In October 2015, I became the Senior Director of Regional Operations for the Mid-Atlantic Region, which at that time included stores in Alabama, Georgia, North Carolina, Ohio, and Tennessee. In May 2019, I was promoted to Divisional Vice President for the West Division, which encompasses stores in Arizona, California, Colorado, Nevada, New Mexico, Utah, and Washington.

2. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

3. Floor & Decor currently has 129 open stores, including two "design centers," across thirty states in the U.S. Each Floor & Decor store is independently run by a CEM.

4. Floor & Decor organizes stores into different regions and divisions, with each region led by a Senior Director of Regional Operations, who in turn reports to a Divisional Vice President. The Nashville, TN; Bridgeton, MO; and Carmel Mountain, CA stores are all in different regions and divisions. As a result, those stores and their individual CEMs report to different Senior Directors of Regional Operations and different Divisional Vice Presidents.

5. CEMs have tremendous autonomy to manage their individual stores. For example, each CEM independently decides which products to stock and sell in their store, how to merchandize product, whom to hire for their store, and how to spend their store's discretionary advertising budget. CEMs also independently decide how to allocate their store's payroll, for example by deciding the mix of part-time versus full time employees to employ in their store. It also includes deciding the number of overtime hours worked by hourly employees in their store. Similarly, CEMs independently decide how to manage overtime in their stores.

6. Each CEM has several non-exempt, hourly-paid managers reporting directly to them. These managers fall into three general positions. First, each store has one or two operations managers, who help run overall store operations. Second, each store has one or two pro services managers, who help with sales to professional contractors. Third, each store has several (usually three to six) department managers, who run independent departments within the store. These departments would include, for example, the wood department, tile department, and stone department. For this declaration, I will collectively refer to these three types of managers as "hourly managers."

2

Case 3:19-cv-01099   Document 123   Filed 08/28/20   Page 2 of 6 PageID #: 1853

7. Each hourly manager also has direct reports. These direct reports include supervisors and assistant department managers, as well as non-supervisory hourly employees.

8. Hourly managers' specific job duties differ in each individual store, but they are generally responsible for disciplining and counseling hourly employees, scheduling hourly employees, managing work for hourly employees, and, when appropriate, adjusting hourly employees' Kronos time records to correct missed punches and other timekeeping inaccuracies. Individual CEMs can also choose to delegate other responsibilities, including the management of overtime, to hourly managers.

9. Although hourly managers can adjust other employees' time in Kronos, when appropriate to do so, supervisors and assistant department managers cannot.

10. Each Floor & Decor store has several budgets, including an advertising budget, a sales budget, and a payroll budget. These budgets are set on an individual store-by-store basis based on a number of different factors, including the past year's performance, historical data, and projections for the coming year.

11. Although every store has its own unique payroll budget, individual stores' payroll budgets generally accommodate a significant amount of overtime. Also, it is common for stores to exceed their payroll budget. Floor & Decor understands that a growing company like ours often requires substantial overtime hours. As shown by the large number of overtime hours worked by many individual stores, the Company is lenient and understanding with respect to individual stores' overtime hours.

12. The overtime hours worked by individual stores, and individual employees, varies dramatically.

13. Attached as Exhibit 1 to Floor & Decor's opposition to Plaintiff's Motion for Conditional Certification is a chart showing the overtime hours worked by each Floor & Decor store between January 1, 2018 and August 27, 2020. The chart also shows the date on which each store opened, the number of weeks the store was open between January 1, 2018 and August 27, 2020, and the average number of weekly overtime hours worked by the store during that period.

14. As shown in Exhibit 1, different stores have markedly different overtime hours. For example, the Orlando, FL store had 23,005 overtime hours—an average of over 166 overtime hours *per week*—between January 1, 2018 and August 27, 2020. During that same period, the Reno, NV store had 3,154 total overtime hours (13.7% of the total overtime hours in Orlando). Falling in between these two stores are more than 100 other individual stores with a wide array of different overtime hours.

15. The Orlando store is not alone with respect to large overtime hours. For example, between January 1, 2018 and August 27, 2020: (i) the Alexandria, VA store has averaged 110.94 overtime hours per week; (ii) the Houston N Freeway store has averaged 118.10 overtime hours per week; (iii) the Farmingdale, NY store has averaged 119.35 overtime hours per week; and (iv) the Avon, MA store has averaged 242.39 overtime hours per week.

16. The significant differences in overtime hours worked by individual stores are based on a number of factors. For example, larger stores are more likely to have a larger number of overtime hours. And busier stores—i.e., those with a higher sales volume—are more likely to have a large number of overtime hours. Similarly, stores that are short staffed or facing urgent work needs (such as preparing to count an entire store's inventory) will have significant overtime.

17. At all times, Floor & Decor policy has been that all employees must be paid for all of their hours worked. CEMs and hourly managers are strictly prohibited from "shaving" time, allowing employees to work off-the-clock, or doing anything else that would cause employees to be paid for less time than they worked. Moreover, CEMs and managers are responsible for ensuring that their employees are paid for all the time they spend working. CEMs who violate this policy are subject to termination.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on August 28, 2020.

*Jim Coates* (signature)

Jim Coates

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the DECLARATION OF JIM COATES was served on August 28, 2020 upon the following via the Court's ECF system:

YEZBAK LAW OFFICES PLLC
Charles P. Yezbak, III
N. Chase Teeples
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

McGILLIVARY STEELE ELKIN LLP
Gregory K. McGillivary
Diana J. Nobile
Hillary LeBeau
1101 Vermont Avenue NW, Suite 1000
Washington, D.C. 20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
gkm@mselaborlaw.com
djn@mselaborlaw.com
hdl@mselaborlaw.com

*Attorneys for Plaintiffs*

         */s/ Lincoln O. Bisbee*
         Lincoln O. Bisbee