IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**GERMMA HAMMOND**, on behalf of himself and all other similarly situated employees,

        Plaintiffs,

v.

**FLOOR AND DECOR OUTLETS OF AMERICA, INC.**,

        Defendant.

Civil Action No. 3:19-cv-01099
Honorable Aleta A. Trauger

## DECLARATION OF JONATHAN COLLINS

I, Jonathan Collins, hereby declare as follows:

1. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would testify to them.

2. I began my employment with Floor and Decor Outlets of America, Inc. ("Floor & Decor") in August 2019 in its Distribution Center in Pasadena, Texas. I have worked as an hourly employee in the Distribution Center the entire time I have worked for Floor & Decor. I was an Inventory Coordinator until this past February, when I was promoted to my current job as a Floor Supervisor.

3. The Distribution Center in which I work is a warehouse that is stocked with products to be redistributed to Floor & Decor stores or directly to consumers. Floor & Decor does not permit its customers to shop in the Distribution Center.

4. As a Floor Supervisor, I oversee the work of forklift operators and a pick-and-pack coordinator. I typically have about six employees reporting to me. I am responsible for evaluating these employees and will also be involved in interviewing potential new hires. These

employees record their time worked through a timekeeping system called Kronos. Although I cannot edit their time entries in the system, I remind them that they need to properly clock in and out so that they are paid for all their time.

5. I also use Kronos to record the time that I work. There is a terminal in the breakroom where I enter my time. It requires employees to use their fingerprints as part of the verification process. I will clock in before starting work and also will clock out after I have finished work for the day. I will also clock out and in when I take a lunch break.

6. During my employment with Floor & Decor, my shift time has varied. Sometimes I have been scheduled to work from 6 a.m. to 2:30 p.m. On other occasions I have been scheduled for a shift from 2 p.m. to 10:30 p.m. There have been times when I have worked past my scheduled shift end. For example, if I am on the last shift for the day and in order to finish up a project it will take about thirty minutes more, my manager's preference in this situation is for me to stay late and get the thirty minutes of work done rather than leave it for the morning shift to complete.

7. When I work past the scheduled end of my shift, I always stay on the clock for the entire time. I do not punch out until I have completely stopped working, even if it is after the scheduled end of my shift. As a result, I have always been paid for all of the time I spend working past the end of my shift.

8. I have never heard about a "three strikes" policy where employees get in trouble or written up for punching out late on more than three occasions from either my manager or anyone else at Floor & Decor.

2

9. No one from Floor & Decor has ever asked me to sign a piece of paper or otherwise report that I stopped working earlier than I punched out, or that I intended to punch out earlier than I did.

10. My overtime has varied throughout my employment with Floor & Decor. There have been occasions when I have worked overtime. No one has ever counseled or disciplined me when I worked overtime. There have also been occasions when I worked less than forty hours in a week. The Distribution Center does not have set hours in which customers can visit. Accordingly, if we are done all our work early, we are sent home. This was the case this past April when demand from the stores was lower because of COVID-19.

11. To the best of my knowledge, I have always been paid for all the time I have spent working at Floor & Decor. If someone had removed time I spent working, I believe that I would have noticed that in my paycheck. Based on my review of my paychecks, I do not believe anyone has ever removed time that I worked.

12. On a handful of occasions, my manager has adjusted my time entries in Kronos in order to correct my time. For example, there have been times when I forgot to punch out or in for lunch. When that has happened, my manager edited the time to add the missing punch. As a result, my final time in Kronos was adjusted to reflect the period when I was at lunch and not working.

13. I have been informed that a lawsuit has been brought against Floor & Decor by a former hourly employee. The lawsuit claims that Floor & Decor did not pay hourly employees for all overtime hours worked. I understand that the attorneys who discussed this declaration with me are the attorneys for Floor & Decor. They do not represent me or the former employee who brought this lawsuit. I understand that I did not need to speak with these attorneys; I did so

3

voluntarily. I have not been coerced or threatened in any way with respect to my decision to provide this declaration. Floor & Decor has not offered me any benefits of any sort in exchange for this declaration. Rather, I was specifically told that I did not have to provide a written statement; I have provided one of my own accord. I understand that this declaration may be filed with the Court and/or used by Floor & Decor to defend itself against the claims in the lawsuit. Further, I understood before making this declaration that I would suffer no retaliation if I declined to be interviewed or refused to sign this declaration. I am signing this declaration voluntarily and without any duress, threats, or intimidation. Finally, I understand that if I ever become a participant in this lawsuit, my interests would be opposed to the interests of Floor & Decor and that this declaration could limit my rights in such a lawsuit.

14. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 24, 2020.

_____
Johathan Collins

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the DECLARATION OF JONATHAN COLLINS was served on August 28, 2020 upon the following via the Court's ECF system:

YEZBAK LAW OFFICES PLLC
Charles P. Yezbak, III
N. Chase Teeples
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

McGILLIVARY STEELE ELKIN LLP
Gregory K. McGillivary
Diana J. Nobile
Hillary LeBeau
1101 Vermont Avenue NW, Suite 1000
Washington, D.C. 20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
gkm@mselaborlaw.com
djn@mselaborlaw.com
hdl@mselaborlaw.com

*Attorneys for Plaintiffs*

/s/ Lincoln O. Bisbee
Lincoln O. Bisbee