IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GERMMA HAMMOND**, on behalf of himself and all other similarly situated employees, | Civil Action No. 3:19-cv-01099<br>Honorable Aleta A. Trauger |
| Plaintiffs, | |
| v. | |
| **FLOOR AND DECOR OUTLETS OF AMERICA, INC.**, | JURY DEMAND |
| Defendant. | |

### DEFENDANT'S SUR-REPLY IN FURTHER OPPOSITION
### TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

**I.    INTRODUCTION**

As part of his conditional certification reply, Plaintiff Gemma Hammond included nine "online employer reviews" that purport to show miscellaneous statements regarding employee pay at Floor & Decor (F&D). (Dkt. 150 at p. 5, n.4; Dkt. 153-1.) These reviews are anonymous and unsworn, go back six years (far beyond the relevant period for this case), and represent less than 1% of the total F&D reviews (and less than .1% of the total putative class). F&D respectfully requests that the Court disregard the reviews both because they are completely unreliable and because they do not rebut the reasons why conditional certification is inappropriate in this case.

**II.    ARGUMENT**

    **A.    The Reviews Are Unreliable.**

As a starting point, the Court should disregard the online reviews because they are entirely unreliable. The very case Hammond cites when introducing the reviews, *Medley v. Southern Health Partners, Inc.*, confirms that point. In *Medley*, this Court unequivocally concluded that it would not consider online reviews when deciding a motion for conditional certification:

> *[E]ven assuming the documents [Indeed.com reviews] are what the plaintiff says they are, the reviews themselves are hearsay that bear no indicia of reliability.* They are unsworn, anonymous statements, and the plaintiff does not claim to know any of the review writers personally or even to know their identity. She cannot attest that the reviews were actually written by current or former employees of SHP, and she has not personally observed the working conditions of the facilities at which the reviewers worked. While recognizing, again, that the Federal Rules of Evidence do not necessarily apply to documents and evidence submitted in support of a motion for conditional certification, *the court nonetheless finds that the plaintiff's [compilation of reviews] is so completely devoid of reliability that it cannot be taken into consideration*.

*Medley*, 2017 WL 3485641, at *8 (M.D. Tenn. Aug. 15, 2017) (Trauger, J.) (emphasis added).[1]

Like the plaintiff in *Medley*, Hammond does not claim to know the purported reviewers, cannot attest that the reviews were actually written by F&D employees (let alone written by putative class members), and has not asserted that he has any personal knowledge outside of the Nashville store. In keeping with its prior decisions, and those from other courts, this Court should disregard the online reviews submitted by Hammond.

### B. The Reviews Do Not Rebut The Many Reasons Conditional Certification Is Inappropriate In This Case.

Even if the unsworn, anonymous reviews were somehow reliable, they still do nothing to advance Hammond's case for conditional certification. Hammond has submitted nine reviews—presumably the only nine that he felt supported his theory[2]—out of 1485 total reviews possibly submitted by F&D employees.[3] In other words, Hammond has submitted reviews from less than

---

[1] Courts across the country have reached the same result. *See, e.g.*, *Roberts v. Target Corp.*, 2012 WL 12848199, at *3 (W.D. Okla. Dec. 5, 2012) (granting motion to strike online reviews because "[u]nauthenticated, anonymous postings on the Internet—when offered for the truth of the statements—are the very height of hearsay"); *Mason v. Lumber Liquidators, Inc.*, 2019 WL 2088609, at *8 n.12 (E.D.N.Y. May 13, 2019) (similar); *accord Clark v. Dollar Gen. Corp.*, 2001 WL 878887, at *2 (M.D. Tenn. May 23, 2001) (disregarding hearsay portions of declarations).

[2] Hammond's inclusion of reviews from as far back as 2014 suggests that the nine reviews he identifies are the only ones that he believes support his theory. In addition, the fact that several reviews were from years before the relevant time period further demonstrates their lack of value.

[3] The screenshots attached to the declaration of Gregory K. McGillivary show that there were 899 reviews on Indeed.com and 586 reviews on Glassdoor.com. (Dkt. 153-1.)

1% of all reviewers and from less than .1% of the total putative class. Hammond's reply doubles-down on the flawed notion that the Court can ignore the complete absence of evidence for 126 of 129 stores—and all of F&D's distribution centers, support centers, and corporate offices—and conditionally certify a nationwide class based on a small handful of discordant experiences. (*See* Dkt. 118 at p. 16 (addressing why Hammond's lack of evidence dooms conditional certification).)

Hammond's position is misplaced, and nothing in the unsworn and unauthenticated screenshots should lead the Court to conclude otherwise. Indeed, the online reviews do not alter the many reasons why the putative class is not similarly situated. Among other reasons:

- The reviews do not change the fact that Hammond's own declaration and those submitted by his declarants demonstrate that: (1) the putative class is not similarly situated; and (2) Hammond has not made even a modest factual showing of a common policy or theory. (*See* Dkt. 118 at pp. 9-10, 20-23.) Hammond's reply highlights these fatal deficiencies by acknowledging that certain of his declarants only "witnessed" F&D's alleged FLSA violations. (Dkt. No. 150 at p. 1).[4] Hammond's admission that at least one of his six declarants did not personally experience an alleged FLSA violation provides an independent reason to deny conditional certification.

- The reviews do not change the fact that Hammond has not disputed that both his individual records (which show he was paid for more hours than he was scheduled to work) and store-by-store overtime data (which shows the tremendous amount of overtime paid by F&D) establish that he has not made even a modest factual showing supporting his conclusory theory of a "top-down corporate policy of reducing overtime labor costs through time shaving and other methods that deprived Hourly Workers of their lawful overtime wages." (*See* Dkt. 118 at pp. 5-6, 8-9, 23-24.)

- The reviews do not change the fact that Hammond has not established a common policy or theory for recovery given that the existing record—including his own evidentiary hearing and the recent briefs submitted by three opt-in plaintiffs—shows that putative class members are not similarly situated with respect to their arbitration status. As Hammond and his declarants have already recognized, each putative class member who challenges his or her arbitration agreement will not do so based on a singular theory but on his or her own "unique circumstances" (Hammond's term, not F&D's). In addition, Hammond is not similarly situated to individuals with signed agreements. (*See* Dkt. 118 at pp. 13-15.)

---

[4] This is likely a reference to declarant Barrett, who does not allege a single instance when F&D failed to either correct his time or compensate him for alleged unpaid hours. Barrett's declaration obliterates the theory of a "top-down corporate policy" by acknowledging that he was paid all amounts allegedly due when he raised concerns with corporate-level managers. (Dkt. 118 at p. 22.)

3

Dated: September 11, 2020

Respectfully submitted,

/s/ *Lincoln O. Bisbee*
Lincoln O. Bisbee, admitted pro hac vice
Russell R. Bruch, admitted pro hac vice
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, N.W.
Washington, DC 20001
Tel: (202) 739-3000
Fax: (202) 739-3001
lincoln.bisbee@morganlewis.com
russell.bruch@morganlewis.com

Keane A. Barger, TN Bar No. 33196
Katharine R. Cloud, TN Bar No. 019336
**RILEY WARNOCK & JACOBSON PLC**
1906 West End Avenue
Nashville, TN 37203
Tel: (615) 320-3700
Fax: (615) 320-3737
kbarger@rwjplc.com
kcloud@rwjplc.com

*Attorneys for Defendant Floor and Decor Outlets of America, Inc.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of DEFENDANT'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION was served on September 11, 2020 upon the following via the Court's ECF system:

YEZBAK LAW OFFICES PLLC
Charles P. Yezbak, III
N. Chase Teeples
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Tel.: (615) 250-2000
Fax: (615) 250-2020
yezbak@yezbaklaw.com
teeples@yezbaklaw.com

McGILLIVARY STEELE ELKIN LLP
Gregory K. McGillivary
Diana J. Nobile
Hillary LeBeau
1101 Vermont Avenue NW, Suite 1000
Washington, D.C. 20005
Tel.: (202) 833-8855
Fax: (202) 452-1090
gkm@mselaborlaw.com
djn@mselaborlaw.com
hdl@mselaborlaw.com

*Attorneys for Plaintiffs*

                                                  */s/ Lincoln O. Bisbee*
                                                  Lincoln O. Bisbee