DocuSign Envelope ID: 32D8530A-E7BD-4AF0-B6C6-D47DC20A361B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERMMA HAMMOND, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>FLOOR AND DECOR OUTLETS OF AMERICA, INC.,<br><br>   Defendant. | Case No: 3:19-cv-1099<br><br>JURY TRIAL DEMANDED<br><br>Collective Action |

**JOINT STIPULATION OF COLLECTIVE ACTION SETTLEMENT AND RELEASE**

This JOINT STIPULATION OF COLLECTIVE ACTION SETTLEMENT AND RELEASE ("Agreement" or "Stipulation") is made and entered into this day, by and between Defendant Floor & Decor Outlets of America, Inc., ("Floor & Decor" or "Defendant") and Plaintiffs Germma Hammond, Edgar Cardona, Fierce Taylor, Crystle Acosta, Tavaris Battle, Jordan Blake, Christopher Bowen, Michael D'Astice, Monica Duran, Martrelle Edwards, Mark English, Jr., Abanga Etuk, Guy Fazio, Armand Geneseo, Eric Graham, Edward Herrera, Alvin Johnson, William King, Elsa Maysonet, James McMullins, Clifford Meadows, Kyana Nelson, Dominique Oakman, Lynne Pandiani Norton, Kevin Potlock, Randall Richburg, Jared Rosa, Calvin Samut, Shamus Stallworth, Juan Vargas, Samantha Weer, Wallace Williams, Jr., and Branden Williams (collectively, "Plaintiffs" or "Collective Action Members"). Floor & Decor and Collective Action Members are referred to collectively as the "Parties."

DocuSign Envelope ID: 32D8530A-E7BD-4AF0-B6C6-D47DC20A361B

# RECITALS

A. **WHEREAS,** Plaintiffs presently are former employees of Floor & Decor represented by their attorneys at McGillivary Steele Elkin LLP and Yezbak Law Offices PLLC ("Collective Counsel");

B. **WHEREAS**, on December 10, 2019, Plaintiff Germma Hammond ("Hammond" or "Named Plaintiff"), a former employee at Floor & Decor's store in Antioch, Tennessee store, filed a collective action under 29 U.S.C. § 216(b), on behalf of himself and all those similarly situated, in the United States District Court for the Middle District of Tennessee, Case No: 3:19-cv-1099 (the "Litigation" or "Action"), alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19, and seeking recovery of allegedly unpaid overtime hours, liquidated damages, and attorneys' fees and costs, as well as application of the FLSA's three-year statute of limitations for willful violations;

C. **WHEREAS**, 32 additional Plaintiffs opted into the lawsuit, filing written consents to sue with the Court;

D. **WHEREAS**, the Court dismissed opt-in plaintiffs Edgar Cardona and Fierce Taylor pursuant to arbitration agreements, but the Parties have agreed to settle their claims along with the other Collective Action Members;

E. **WHEREAS**, based on Plaintiffs' review of payroll and timekeeping records provided by Floor & Decor in July, 2021, should this litigation continue, Plaintiffs intend to show that Floor & Decor has failed to compensate Plaintiffs at 1.5 times their regular rate of pay for all overtime hours worked, in violation of 29 U.S.C. 207(a);

2

F.      **WHEREAS**, the Parties participated in mediation on August 17, 2021, and engaged in negotiations to resolve their differences and, throughout these negotiations, all Parties were, and continue to be, represented by counsel experienced in wage and employment matters;

G.      **WHEREAS**, by entering into this Agreement, the Parties are not admitting liability;

H.      **WHEREAS**, as a result of their negotiations, the Parties wish to settle their claims; dismiss the above-captioned lawsuit with prejudice; resolve and release all disputes and claims arising out of the alleged violations of the FLSA, as alleged by the Plaintiffs against Floor & Decor on the following fair, just, and reasonable terms; and desire to avoid the risk, expense, and uncertainties of litigation.

**NOW, THEREFORE, AND IN CONSIDERATION** of the mutual promises of the Parties to this Agreement, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      <u>Compromise Acknowledgement</u>: The Parties have conducted investigation of the facts and law during this litigation, including the limited exchange of documents and payroll data. The Parties have also analyzed the applicable law and the damages claims by Plaintiffs based on the payroll data and information gathered. Relying on their fact investigations and legal analyses, the Parties have engaged in arms-length settlement negotiations. Although the Parties each believe that their legal positions have merit, the Parties recognize the expense and length of continued litigation, as well as the uncertain outcome and risk of litigation. The Parties therefore believe that settlement is the best interests of the Parties and is the best way to resolve their disputes while minimizing future expenditures. Notwithstanding the above, Defendant denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief and all other forms of relief,

DocuSign Envelope ID: 32D8530A-E7BD-4AF0-B6C6-D47DC20A361B

as well as deny the collective action allegations asserted in the Litigation. Defendant has agreed to resolve the Litigation via this Agreement, but to the extent this Agreement is deemed void or the Effective Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Litigation upon all procedural, merit, and factual grounds, including, without limitation, the ability to challenge collective action treatment on any grounds, as well as asserting any and all other privileges and potential defenses.

2. <u>Gross Settlement Amount</u>: The parties agree that the gross settlement amount (the "Gross Settlement Amount") is $350,000. The Gross Settlement Amount shall cover: (1) all payments to Collective Action Members; (2) Collective Counsel's fees and costs, which will be sought by Collective Counsel through an application to the United States District Court for the Middle District of Tennessee, Nashville Division (the "Court"); and (3) a Service Award to the Named Plaintiff. The Gross Settlement Amount will not include: (1) the employer's share of taxes due on portions of any settlement attributable to wages and (2) the costs of a Settlement Administrator, both of which shall paid by Defendant. Neither Collective Counsel nor any other attorneys acting for, or purporting to act for, the Plaintiffs with respect to this Action, may recover or seek to recover any amounts for fees, costs, or disbursements related to this Litigation from the Released Parties or the Gross Settlement Amount except as expressly provided herein.

3. <u>Court Approval</u>: Plaintiffs will present this Agreement to the Court along with a motion requesting the Court's approval of the settlement as fair, reasonable, and adequate and consistent with the FLSA, and a proposed Settlement Approval Order approving the settlement and dismissing this Litigation with prejudice. Floor & Decor shall not oppose this motion and will be afforded the opportunity to review and to provide input into the final draft before it is filed with the Court. This Agreement is conditioned upon approval by the Court. In the event that this

DocuSign Envelope ID: 32D8530A-E7BD-4AF0-B6C6-D47DC20A361B

Agreement is not approved in its entirety by the Court, the Parties agree to work together in good faith to structure a settlement that will be approved by the Court. However, in the event that the settlement set forth in the Agreement fails to become effective in accordance with its terms, or if the Effective Date does not occur, no payments shall be made by Defendant to anyone in accordance with the terms of this Agreement. In such an event, the Agreement (except for those provisions relating to non-admissibility and non-admission of liability set forth in this Agreement) shall be deemed null and void; its terms and provisions shall have no further force and effect and shall not be used in this Litigation, in any other proceeding or otherwise, for any purpose; the negotiations leading to the settlement set forth in this Stipulation may not be used as evidence for any purpose and the terms and negotiation of this settlement shall remain subject to Federal Rule of Evidence 408; Defendant shall retain the right to challenge all claims and allegations, to assert all applicable defenses, and to seek decertification on all applicable grounds. Notwithstanding any other provision of this Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be paid to Collective Counsel, or reducing the amount of any Service Award, shall constitute grounds for cancellation or termination of this Agreement or grounds for limiting any other provision of the judgment.

4. <u>Attorney's Fees and Expenses</u>: Collective Counsel will petition the court for an award of fees and expenses from the Gross Settlement Amount as part of the settlement approval motion totaling $309,155.24, which represents $294,203.91 in attorneys' fees and $14,951.33 in expenses, and Floor and Decor will not oppose. Neither Plaintiffs nor Collective Counsel will seek any additional amounts in attorneys' fees or expenses. Should the Court not approve the entire amount of the attorneys' fees and/or costs, the amount not approved will be redistributed to the

collective action members on a pro-rata basis, meaning proportional to each Collective Action Member's share of the Net Settlement Amount set forth in Exhibit A.

5. <u>Service Award</u>: Named Plaintiff will petition the court for a Service Award of $5,000 for his services as a representative plaintiff in this matter, conditioned upon Named Plaintiff's agreement to a general release of all claims he may have against Floor & Decor, a copy of which is attached hereto as Exhibit B. This Service Award shall be in addition to the settlement award the Named Plaintiff receives. Should the Court not approve the entire amount of the service award, the amount not approved will be redistributed to the collective action members on a pro-rata basis as described in Paragraph 3.

6. In consideration of and in exchange for the Plaintiffs' entering into this Agreement, Floor & Decor agrees to the following distribution of the Gross Settlement Amount pursuant to the Court's Approval:

(a) Collective Counsel's attorneys' fees in the amount of $309,155.24, which represents $294,203.91 in attorneys' fees and $14,951.33 in expenses, in the form of a check or wire transfer payable to McGillivary Steele Elkin LLP within 45 days after Court Approval of this Agreement.

(b) After attorneys' fees and expenses and deducted, the remaining funds (Net Settlement Amount) will be distributed to the Collective Action Members as follows:

    i. A $5,000 Service Award to the Named Plaintiff, in recognition of his substantial time and effort expended leading up to and participating in mediation and in exchange for his signing the General Release attached hereto as Exhibit B.

    ii. $35,844.76 to the Collective Action Members distributed in accordance with Exhibit A to this Agreement. As set forth in Exhibit A, 50% of this amount will

be treated as backpay, and 50% will be treated as liquidated damages. Collective Action Members and their counsel determined a method used to calculate the amounts to be paid to each Collective Action Member, based on the payroll and timekeeping data provided by Defendants for each individual Collective Action Member. The calculation methodology computes individual damages for each Collective Action Member for the claims asserted against Defendants in the above-captioned lawsuit. Each of the plaintiffs have reviewed the amounts calculated for them and approved the settlement amounts.

7. <u>Taxes</u>: The employer's share of payroll taxes associated with the portion of the settlement being distributed to the Collective Action Members shall be paid by Floor & Decor, separately and distinctly from all other payments; such taxes will not be subtracted from the Gross Settlement Amount. Payments, other than the service payment, will be treated as 50% W-2 wages and 50% 1099 miscellaneous income. The service payment to Named Plaintiff will be treated as 1099 miscellaneous income.

8. <u>Settlement Administration</u>: The Parties agree that, subject to the approval of the Court, the Parties will retain the firm of Rust Consulting to act as the independent Settlement Administrator, to open and to manage a Qualified Settlement Fund ("QSF"), to distribute the Net Settlement Amount to Collective Action Members described in Paragraphs 5(b), and to perform other tasks consistent with the orders of the Court and this Agreement. The Parties will be consulted by the Settlement Administrator with respect to any issues that arise regarding settlement administration, and the Parties agree to work together in good faith to resolve such issues. The Settlement Administrator will be paid for all Settlement Administration Costs by the Defendant, and such amount will be in addition to the total settlement amount set forth in Paragraph 2.

DocuSign Envelope ID: 32D8530A-E7BD-4AF0-B6C6-D47DC20A361B

(a) The actions of the Settlement Administrator shall be governed by the terms of the Agreement and the Settlement Approval Order, with the latter taking precedence in the event of a conflict. Counsel for both Parties may provide relevant information and guidance as needed by the Settlement Administrator in the performance of its duties and may engage in related communications with the Settlement Administrator with notice and copies to one another, but without notice or copies to Plaintiffs or to the Court unless requested by the Court.

(b) Defendant and the Settlement Administrator will cause to be established and maintain a Qualified Settlement Fund ("QSF"). The Parties agree that: (i) the QSF shall be established pursuant to an order of the Court prior to the receipt of any monies from Defendant; (ii) the QSF shall be established to resolve and satisfy the contested claims that have resulted, or may result, from the matters that are the subject of this Litigation and that are released by this Settlement; and (iii) the QSF is established and its assets are segregated and shall be segregated (within a separately established fund or account) from the assets of Defendant and all related other persons. The Settlement Administrator shall be responsible for establishing, administering and otherwise operating the QSF, including the preparation and filing of federal, state, and local tax returns. The QSF will be administered by the Settlement Administrator in accordance with the terms of this Agreement. The monies to establish, to maintain, and to fund the QSF will be part of the Settlement Administration costs, which will be paid by the Defendant separately from the Gross Settlement Amount as set forth in accordance with Paragraph 2.

(c) The Settlement Administrator will comply with all applicable tax filings, withholdings, payments, and reporting requirements of the QSF. The Settlement Administrator will timely inform Defendant of any federal or state tax payment or filing obligations associated with or arising out of payments made by the QSF, although the Settlement Administrator shall be the one to make such payments.

(d) Within 3 business days of the date of the Court's approval of the agreement, Collective Counsel will provide the Settlement Administrator with a list of Collective Action Members, their mailing addresses, email addresses, social security numbers and phone numbers.

(e) Within 14 days of the date of the Court's approval of the agreement, the Settlement Administrator will tender a report (the "Settlement Administrator Report") to all counsel containing the following information: (1) the gross Settlement Payments to each Collective Action Member, before deduction of each Collective Action Member's share of taxes and withholding; (2) the amount of the settlement payment attributed to wages; (3) the amount of the settlement payment attributed to liquidated damages and non-wage recovery; (4) the net settlement payment to each Collective Action Member, after deduction of the Collective Action Member's share of taxes and withholding; and (5) the amount of Defendant's portion of the payroll taxes on the settlement payments to be paid by Defendant to the Settlement Administrator, who shall remit such taxes to the appropriate taxing authorities on behalf of Defendant. On this date, the Administrator also shall send Defendant's Counsel electronic wiring instructions to fund the QSF and the amount needed to fund the QSF. Defendant agrees to reasonably

    cooperate with the Settlement Administrator to the extent necessary to determine the amount of the payroll tax payment required under this Paragraph.

(f) Within 45 days of the date of the Court's approval of the agreement, Defendant will send the Net Settlement Amount set forth in Paragraph 6(b) and the employer's share of payroll taxes to the Settlement Administrator for deposit in the QSF.

(g) Within 52 days of settlement approval by the Court, the Settlement Administrator will distribute the approved Service Award, the approved attorney's fees and costs and the individual settlement payments provided under this Agreement to the Collective Action Members along with written notice of the Settlement to each Collective Action Member by mail, outlining the terms of the Agreement, and the allocation of the Gross Settlement Amount described in Paragraphs 4-6 above (the "Notice"). A copy of the Notice is attached hereto as Exhibit C. The individual settlement payments will be paid by check and will contain a notation on the memo line that stating it is a settlement payment in the "Floor & Decor Wage Action." In addition, the Settlement Administrator will issue for each Collective Action Member an IRS Form W-2 showing the amount allocated to back wages and an IRS Form 1099-MISC, checking box 3 for other income, showing the amount allocated to liquidated damages.

(h) The Settlement Administrator shall have full responsibility for all distributions from the QSF. Defendant, Defendant's counsel, Plaintiffs, and Plaintiffs' Counsel shall not have any obligation or liability regarding distributions from the QSF to any Plaintiff. Any person who does not receive a settlement payment will have no recourse against Defendant, Defendant's counsel, Plaintiffs, or Plaintiffs' Counsel for failure to receive any payment due under this agreement.

(i) The Parties shall have the right to inspect the records of the QSF, including, but not limited to, imaged copies of the front and back of endorsed checks and any correspondence between the Settlement Administrator and Plaintiffs.

(j) Other than the withholding and reporting requirements stated in this Section, Collective Action Members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this agreement.

   i. Defendant and Collective Counsel make no representations with respect to the taxability of any payments pursuant to this Settlement, and the Notice will advise the Plaintiffs to seek their own tax advice as necessary.

   ii. Other than as set forth above, the Settlement Administrator will not make any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments except to the extent clearly required by law, or charity withholdings, from or with respect to the payments to the Plaintiffs. Entry of the order approving this Agreement by the Court shall be deemed authority not to make any such deductions, withholdings, or additional payments.

(k) All individual settlement payment checks issued under this Agreement shall have a void date that is 180 days after the date of mailing. The Settlement Administrator will issue reports to the Parties every 30 days regarding the status of cashed and/or uncashed checks. During the 180-day period, the Settlement Administrator will work with the Parties to reissue checks returned as undeliverable or as requested by the Collective

11

DocuSign Envelope ID: 32D8530A-E7BD-4AF0-B6C6-D47DC20A361B

Action Members. Any remaining funds shall be donated to the at a charity mutually agreeable to the Parties as cy pres.

9. <u>No Additional Representations</u>: Except for the terms of this Agreement, Plaintiffs and Floor & Decor, respectively, have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys, or representatives regarding any matter, including but not limited to, the federal or state income tax consequences of the Agreement to any Party. The Parties expressly acknowledge and agree that they should rely solely upon the advice of their own, independent tax attorneys and/or accountants as to the potential tax and benefit consequences of this Agreement.

10. <u>Release</u>**:** Upon the Court's approval of this Agreement and order dismissing the Action with prejudice, the Plaintiffs shall release Floor & Decor and all of its respective past, present and future parents, subsidiaries, affiliates, business units, related companies, members, and their successors and predecessors, including each of their directors and officers, employees, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), insurers, lawyers, and agents (collectively, the "Released Parties") from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, related to any and all claims under the FLSA, and all other federal and state wage and hour and wage payment laws concerning a Plaintiffs' employment with any of the Released Parties at any time arising prior to the Effective Date. This includes, but is not limited to, all asserted or unasserted claims based any of the following: (1) alleged failure to pay wages (in whole or in part); (2) alleged failure to pay overtime wages (in whole or in part); (3) alleged failure to pay minimum wages; and (4) alleged violations of laws regarding deductions to wages, failure to provide breaks and inaccurate wage statements

DocuSign Envelope ID: 32D8530A-E7BD-4AF0-B6C6-D47DC20A361B

(collectively the "Released Claims"). The Released Claims also include, but are not limited to, any and all of the following based on any of the matters provided for above in this paragraph: penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and equitable relief.

11. The Parties will seek entry of a proposed judgment that will result in the dismissal of the action and the release of the Released Claims.

12. <u>Entire Agreement</u>: The Parties affirm that the terms stated herein are the only consideration for signing this Agreement and that no other representations, promises, or agreements of any kind have been made to or with them any person or entity whatsoever to cause them to sign this Agreement.

13. <u>Interpretation and Construction</u>: The terms of this Agreement include the terms set forth in any Exhibits referred to herein, which are incorporated herein by reference. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referenced herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not affect the construction of this Agreement.

14. <u>Governing Law</u>: The settlement, this Agreement, and the documents referred to herein shall be interpreted in accordance with the laws of the State of Tennessee, and if necessary federal law. To the extent any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the United States District Court for the Middle District of Tennessee.

15.     Breach, Wavier and Amendment: No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may not be amended, altered, modified, or otherwise changed except by a writing duly executed by the Parties hereto or their authorized representatives.

16.     Severability: Should any provision of this Agreement be determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining terms shall not be affected thereby, and the illegal or invalid term shall be deemed not to be part of this Agreement.

17.     Good Faith and Best Efforts: The Parties agree to cooperate fully to implement this Agreement, including but not limited to taking further action as may be necessary or may be reasonably requested in order to fully effectuate and implement the purposes, terms, and conditions of this Agreement.

18.     Execution:  It is agreed that, for purposes of seeking approval of this collective action settlement, this Agreement may be executed on behalf of Plaintiffs by the Named Plaintiff. This Agreement shall become effective upon its execution by all the undersigned.  This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

19.     No Press: Counsel for the respective Parties agree not to make any statements to the press or to otherwise give or participate in any interview or write or contribute in any fashion

DocuSign Envelope ID: 32D8530A-E7BD-4AF0-B6C6-D47DC20A361B

or assist in the preparation of any book, article, program, blog, post, tweet or other communication, disclosing or referring, directly or indirectly, to the Settlement or any terms of the Settlement.

20. <u>Effective Date</u>: The Effective Date of this Agreement shall be the date it is approved by the Court.

21. <u>Use of Documents</u>: All originals, copies, and summaries of documents, presentations, and data provided to Collective Counsel by Defendant in connection with the settlement negotiations in this matter, including any and all e-mails and attachments containing such materials, may be used only with respect to this Settlement, or any dispute between Plaintiffs and Collective Counsel regarding the Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule and all copies destroyed other than Collective Counsel's file copy.

22. **Acknowledgement.** *__The Parties expressly acknowledge and agree that they have carefully read and fully understand the provisions of this Agreement, that they have had an opportunity to consult with legal counsel of their own choosing, and that they have signed this Agreement freely, knowingly, and voluntarily.__*

DocuSign Envelope ID: 32D8530A-E7BD-4AF0-B6C6-D47DC20A361B

| | |
|---|---|
| **FLOOR & DECOR** <br> **OUTLETS OF AMERICA, INC.** <br> *Heather Hanette* <br> (Signature) <br> November 2, 2021 \| 3:21:50 PM PDT <br> Date | **PLAINTIFFS/** <br> **GERMMA HAMMOND** <br> _____ <br> (Signature) <br> _____ <br> Date |

16

Seen and Agreed to:

By: _____ Date: _____
    Attorney for Plaintiffs

By: *Russell Bruch* (DocuSigned, 2F075378FED14B5...) _____ Date: November 2, 2021 | 6:42:23 PM EDT
    Attorney for Defendant Floor & Decor

DocuSign Envelope ID: DDC3DA00-9EA2-4CD5-9ED0-CF0890034B36

| | |
|---|---|
| **FLOOR & DECOR**<br>**OUTLETS OF AMERICA, INC.** | **PLAINTIFFS/**<br>**GER[DocuSigned by: 0638CC59BA90484...]IOND** |
| _____<br>(Signature) | _____<br>(Signature) |
| | 11/2/2021 |
| _____<br>Date | _____<br>Date |

Seen and Agreed to:

By: ___/s/ D. Nohle_____ Date: Nov. 2, 2021
Attorney for Plaintiffs


By: _____ Date: _____
Attorney for Defendant Floor & Decor

Seen and Agreed to:

By: ___/s/ D. Nohle_____   Date: Nov. 2, 2021
   Attorney for Plaintiffs


By: _____   Date: _____
   Attorney for Defendant Floor & Decor

17